This is a difficult case for me. The victim of a domestic assault recanted. At the time of trial, she claimed that the defendant had not assaulted her. Instead, she claimed the marks on her neck were due to a hug from the defendant's golfing buddy. Both the defendant and the golfing buddy testified to the same effect.
This left the prosecution with the statements that the victim had made over her cell phone to her mother, shortly after the incident, and the interview that the victim gave to Deputy Vinsand, approximately three hours after the incident. After hearing all the evidence, and viewing photographs of the victim taken by Deputy Vinsand, the jury apparently concluded that these earlier statements were a credible version of what had happened and that the collective trial testimony of the victim, the defendant, and the defendant's golfing partner was a concocted story.
Unlike the majority, I cannot resolve this case on the basis of no prejudice. Absent Deputy Vinsand's testimony, it would have been the word of the victim's mother against that of the victim, the defendant, and the defendant's friend. A jury might have acquitted Heim, concluding there was a reasonable doubt whether the secondhand version of events as related by the mother was what had actually happened. However, once Deputy Vinsand's testimony was admitted, the path to a conviction became much clearer. All things being equal, a jury would find the testimony of a sheriff's deputy more trustworthy in a domestic violence case than the testimony of a parent of the victim. Also, in most cases, people who might bend the truth with a parent would be far more careful about telling the truth to a law enforcement official. Finally, the impact of having two witnesses who were told the same story by the victim about the domestic assault, two hours apart, significantly added to the force of the State's case. I cannot agree that Deputy Vinsand's testimony was merely cumulative.[1]
However, after reviewing the district court's ruling, I would be prepared to sustain its conclusion that the victim's statements to Deputy Vinsand were admissible under the "excited utterance" exception. See Iowa R. Evid. 5.803(2). I believe that under the five factors set forth in State v.Atwood, 602 N.W.2d 775, 782 (Iowa 1999), and giving deference to the trial judge's fact findings, State v.Cagley, 638 N.W.2d 678, 681 (Iowa 2001), we can affirm here. Although more than three hours had elapsed, the victim was still crying and upset. Deputy Vinsand's photos showed that "her eyes are watery and puffy, her complexion flush and the red welt-like marks on her neck clearly visible." SeeAtwood, 602 N.W.2d at 782 (citing the condition of the declarant as a relevant factor). Also, the deputy's questioning was open-ended. See id. (citing the extent to which the questioning elicited statements that otherwise would not have been volunteered). And "the event being described,"id., was clearly a significant, traumatic event that involved the victim personally.
I note that the defendant has not raised a constitutional claim based on the Confrontation Clause. Thus, our only task is to interpret Iowa Rule of Evidence 5.803(2) in light of the Iowa precedents. Although this is a close case, I believe the trial court's decision comported with those precedents, and would therefore affirm for this reason.
AFFIRMED.
[1] The State argues that regardless of the ruling on the hearsay objection, Deputy Vinsand still could have testified that the victim became upset when he told her he was going to have to arrest Heim for the domestic assault, and that she asked him to delete the photos. This could have been used to explain why the victim later recanted. Nonetheless, I believe this testimony could have been spun by defense counsel (e.g., the victim wanted the photos deleted because she didn't want her boyfriend wrongfully arrested) and would be far less valuable for the State than having Deputy Vinsand recite what he was actually told by the victim.